```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

TECHTRON CORPORATION; SAMUEL FRIEDLAND; JUDITH FRIEDLAND,

               Plaintiffs,

vs.                                  Case No. 2:05-cv-318-FtM-29SPC

JOHN J. PIRET,

               Defendant.

AIRFLYTE ELECTRONICS COMPANY; JOHN J. PIRET

               Counter-Claimants,

v

TECHTRON CORPORATION; SAMUEL FRIEDLAND; JUDITH FRIEDLAND

               Counter-Defendants.

_____

**OPINION AND ORDER**

     This matter comes before the Court on Plaintiffs' Amended Motion for Partial Summary Judgment (Doc. #48) filed on February 16, 2006. Defendants filed their Response on March 2, 2006. (Doc. #54). The parties submitted affidavits, deposition transcripts, and exhibits in support of their respective briefs.

     Plaintiffs' seven-count Third Amended Complaint stems from a business relationship between plaintiff Samuel Friedland and defendant John J. Piret. According to the pleadings, the parties have competing claims as to who owns the stock in defendant Techtron Corporation along with other causes of actions related to the business dealings between the parties. Plaintiffs seek partial

summary judgment as to Count I of the Third Amended Complaint and as to Counts I, II, III and IV of the Second Amended Counterclaim. Defendants argue, *inter alia*, that the Motion is premature because discovery remains outstanding.

The Court finds that plaintiffs' partial summary judgment motion is due to be denied on two grounds.  First, as Rule 56 implies, district courts should not grant summary judgment until the non-movant "has had an adequate opportunity for discovery." Snook v. Trust Co. of Ga. Bank, 859 F.2d 865, 870 (11th Cir. 1988); see also McCallum v. City of Athens, 976 F.2d 649, 650 (11th Cir. 1992) (noting that a party may move for summary judgment only after exchanging "appropriate" discovery).  Thus, out of fairness to the non-movant, "summary judgment may only be decided upon an adequate record."  WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988). After a party moves for summary judgment, the non-movant "bears the burden of calling to the district court's attention any outstanding discovery."  Cowan v. J.C. Penney Co., 790 F.2d 1529, 1530 (11th Cir. 1986).  A district court may grant summary judgment in the early stages of discovery only if "further discovery would be pointless" and the movant is "clearly entitled to summary judgment."  Robak v. Abbott Labs., 797 F. Supp. 475, 476 (D. Md. 1992) (granting summary judgment in the "early stages" of discovery because "no material fact [could] be genuinely disputed under the allegations of the Complaint").

The Court concludes that plaintiffs' partial summary judgment motion does not satisfy this standard.  A review of the Scheduling Order sets forth the discovery deadline as October 2, 2006, and the dispositive motion deadline as November 6, 2006.  If the Court were to rule on the merits of plaintiffs' partial summary judgment, such ruling would frustrate defendants' right to factually investigate the claims.

Second, to the extent that the Motion seeks partial summary judgment as to Counts I, II, III and IV of the Second Amended Counterclaim, the Court finds the Motion is moot.  The Court granted Counterclaim-Plaintiffs' Unopposed Motion for Leave to File Third Amended Counterclaim on March 3, 2006.  (Doc. #56).  The Third Amended Counterclaim was deemed as filed on that same day. (Id.).  Therefore, the Court will deny as moot the Motion as it relates to these counts in the Second Amended Counterclaim.

Accordingly, it is now

**ORDERED:**

Plaintiffs' Motion for Partial Summary Judgment (Doc. #48) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   30th   day of March, 2006.

*[signature: John E. Steele]*

JOHN E. STEELE
United States District Judge