UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TECHTRON CORPORATION; SAMUEL FRIEDLAND; JUDITH FRIEDLAND,

    Plaintiffs,

vs.                      Case No. 2:05-cv-318-FtM-29SPC

JOHN J. PIRET,

    Defendant.

AIRFLYTE ELECTRONICS COMPANY; JOHN J. PIRET

    Counter Claimants,

v

TECHTRON CORPORATION; SAMUEL FRIEDLAND; JUDITH FRIEDLAND

    Counter Defendants.

_____

**OPINION AND ORDER**

    This matter comes before the Court on Counterclaim-Plaintiffs' Motion for Partial Summary Judgment (Doc. #67) filed on March 30, 2006. Counterclaim-defendants Techtron Corporation, Samuel Friedland and Judith Friedland (collectively "counter-defendants") filed their Response on April 12, 2006. (Doc. #70).

    With leave of the Court, counterclaim-plaintiffs Airflyte Electronics Company and John J. Piret (collectively "counter-plaintiffs") filed a sixteen-count Third Amended Counterclaim on March 3, 2006. (Doc. #56). As the Court stated in its prior

Opinion and Order dated March 30, 2006, this action arises from the parties' competing claims as to who owns the stock in defendant Techtron Corporation along with other causes of actions related to the business dealings between the parties. (Doc. #66). In a role reversal, counter-plaintiffs now seek partial summary judgment as to Counts 9, 12-16 of the Third Amended Counterclaim. (Doc. #67). Counter-defendants take the position, *inter alia*, that the Motion is premature because discovery remains outstanding.

For the same reasons as stated in the March 30, 2006, Opinion and Order, the Court finds that plaintiffs' partial summary judgment motion is due to be denied. As Rule 56 implies, district courts should not grant summary judgment until the non-movant "has had an adequate opportunity for discovery." Snook v. Trust Co. of Ga. Bank, 859 F.2d 865, 870 (11th Cir. 1988); see also McCallum v. City of Athens, 976 F.2d 649, 650 (11th Cir. 1992) (noting that a party may move for summary judgment only after exchanging "appropriate" discovery). Thus, out of fairness to the non-movant, "summary judgment may only be decided upon an adequate record." WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988). After a party moves for summary judgment, the non-movant "bears the burden of calling to the district court's attention any outstanding discovery." Cowan v. J.C. Penney Co., 790 F.2d 1529, 1530 (11th Cir. 1986). A district court may grant summary judgment in the early stages of discovery only if "further discovery would be pointless" and the movant is "clearly entitled to summary

judgment." Robak v. Abbott Labs., 797 F. Supp. 475, 476 (D. Md. 1992) (granting summary judgment in the "early stages" of discovery because "no material fact [could] be genuinely disputed under the allegations of the Complaint").

The Court concludes that plaintiffs' partial summary judgment motion does not satisfy this standard. As the Court previously noted in its March 30, 2006, Opinion and Order, a review of the Scheduling Order sets forth the discovery deadline as October 2, 2006, and the dispositive motion deadline as November 6, 2006. If the Court were to rule on the merits of plaintiffs' partial summary judgment, such ruling would frustrate defendants' right to factually investigate the claims.

Accordingly, it is now

**ORDERED**:

Counterclaim-Plaintiffs' Motion for Partial Summary Judgment (Doc. #67) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of April, 2006.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record